Don Bailey, Esquire
Bailey Stretton & Ostrowski
4311 North Sixth St.
Harrisburg, PA 17110
717.221.9500
Fax 717.221.9600

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEFAN P. KRUSZEWSKI,** | ) | **NO.** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **VS.** | ) | |
| **PFIZER INC., JOHNSON &** | ) | |
| **JOHNSON, (ORTHO-MCNEIL),** | ) | |
| **NOVARTIS AG, ASTRAZENECA** | ) | |
| **PLC, GLAXO SMITH KLINE** | ) | |
| **INC., ELI LILLY & COMPANY,** | ) | |
| **ESTELLE B. RICHMAN,** | ) | |
| **CHRISTOPHER P. GORTON,** | ) | |
| **SALLY KOZAK, COLUMBUS** | ) | |
| **MEDICAL SERVICES, LLC** | ) | |
| **t/d/b/a "THE COLUMBUS** | ) | |
| **ORGANIZATION",** | ) | |
| **DON MOONEY, AND KATHY** | ) | |
| **O'CONNOR,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants** | ) | |

## COMPLAINT

1. This complaint is brought by a highly qualified and widely recognized physician and board-certified psychiatrist whose First Amendment rights were violated by the government and private-sector

1

defendants named above. Dr. Kruszewski reported public corruption, including fraud and other violations of civil and criminal law constituting pervasive abuses committed by private sector defendants, and certain government employees, to his superiors. His supervisors, fearing the disclosure of public corruption because of Dr. Kruszewski's "digging up dirt", summarily dismissed him from his position with the overt concurrence of the defendant Columbus Medical Services a.k.a., the "Columbus Organization" and their directors Don Mooney and Kathy O'Connor. The defendants chose to dismiss Dr. Kruszewski in a manner that would humiliate and embarrass him and also send a message to other employees hoping to prevent a recurrence of Dr. Kruszewski's example of speaking out on matters of public concern. Consequently the plaintiff was verbally and physically assaulted (by Christopher Gorton and Sally Kozak) and in effect put out on the curb, so to speak, by his supervisors (Richman, Gorton, and Kozak) with the concurrence and complicity of "Columbus", Mooney and O'Connor. In short, Dr. Kruszewski alleges that he was deprived of his First Amendment rights to speak out on matters of public concern by the above named defendants, acting in concert, to prevent the exposure of public corruption.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this court by 28 U.S.C. §1331 and 28 U. S. C. §1343(a) (3) and (4), and by the remedial statute 42 U. S. C. §1983.

3. This Court's supplemental jurisdiction is invoked as per 28 U.S.C. §1367(c).

4. A jury trial is demanded.

5. Venue is properly in the Middle District of Pennsylvania because the parties, witnesses, and factual evidence is common to Dauphin County Pennsylvania which is in the Middle District.

## PARTIES

### I. The Plaintiff

6. The plaintiff, Stefan P. Kruszewski, M.D., is currently and actively licensed to practice medicine in six states (Pennsylvania, New Jersey, Texas, California, Nebraska, and Indiana) and  is also, via licensure, authorized to dispense scheduled drugs by the DEA (Drug Enforcement Administration). He graduated Princeton University with an AB in 1973, Harvard Medical School with an MD degree in 1977, and completed postgraduate work at the New England Deaconess Hospitals Harvard Affiliates  (Boston, MA), Robert Wood Johnson Medical School (Piscataway, New Jersey) and Duke University (Durham, NC). He was appointed in 1999(and has served

continuously until present), as a Clinical Professor of Psychiatry with the Penn State College of Medicine. Dr. Kruszewski is board-certified by the American Board of Psychiatry and Neurology (including subspecialties of geriatric and addiction psychiatry), the American Board of Adolescent Psychiatry, and the American Society of Addiction Medicine. He is also a consultant to "Lawyers Concerned for Lawyers" (Pennsylvania Supreme Court, underwriters).

At the time that Dr. Kruszewski was dismissed by the government defendants he was, inter alia, earning approximately $15,000 dollars per month with one-half of his work conducting medical reviews and appeals for Department of Public Welfare, Commonwealth of Pennsylvania, and one half of his work working as a medical-psychiatric consultant for the Bureau of Program Integrity(BPI). BPI's stated mission is to ensure that: a.) The Commonwealth of Pennsylvania's medical assistance program is protected from provider fraud, waste and abuse, b.) Medical assistance recipients receive quality medical services, and do not abuse those services, and c.) The Department seeks feedback to enhance program performance. Dr. Stefan Kruszewski was unwavering in his dedication to these duties.

## II.   Defendants and Alleged Theories of Liability

7.   The defendants Estelle B. Richman, Christopher P. Gorton, and Sally Kozak were supervisors of plaintiffs who eventually acted to terminate the plaintiff (on or about July 11, 2003) by and through the Columbus Organization defendants and intentionally chose to   treat him in a humiliating and demeaning manner hoping to intimidate the plaintiff and discourage him from looking further into the public corruption he had found, and thus protect the drug company defendants.

8. The defendants above named were aware of the unlawful activities of the drug company defendants (Pfizer, Johnson & Johnson (Ortho-McNeil), Novartis AG, AstraZeneca PLC, Glaxo SmithKline, and Eli Lilly among others), who through the use of political friendships, money, and other emoluments, effectively achieved a level of influence with Pennsylvania's state government that allowed them to abuse state finances and state citizens with impunity. Initially, through capitalizing on the intimate relationship between the current President of the United States, George W. Bush, and then Governor of Pennsylvania Thomas Ridge (currently the Secretary of Homeland Security with the federal government) the drug company defendants continued to pursue a policy and practice of promoting the use of their products in violation of the law and of the rights

of Pennsylvania citizens. This behavior continues in the current Pennsylvania gubernatorial administration of Edward J. Rendell. The practices of these drug company's defendants, which has surfaced worldwide including in Great Britain (who has acted against them), centers upon making money at the expense of public finances through the improper use of state employees and custodial populations including dependent children. The private defendants and other drug companies have distorted statistics, violated regulations and advisories (including FDA rules) and intentionally exaggerated and misdescribed the benefits of, and misrepresented the effects of, the use of their psychotropic drugs such as Paxil (Glaxo SmithKline), Neurontin and Gortan (Pfizer), Seroquel (AstraZeneca), Topmax and Risperdal (Ortho-McNeil Janssen/ Johnson&Johnson), Trileptal (Novartis), Zyprexa (Eli Lilly), and others on innocent persons, simply to make money. They have used their influence to promote the use of their products on innocent people devoid of evidence that the use of their drugs would have any beneficial or positive effect on the people they were administered to, and have not employed proper scientific or clinical study to support their recommendations and promotions. They have acted oftentimes in violation of lawful prohibitions and advisories to the contrary (even by the FDA). Further, these private defendants appear to have contributed to, or caused the

severe injury, and even the deaths of, innocent Pennsylvania children who were wards of the state. The custodial populations include prisoners and inpatient mentally impaired persons, among others. They also include children sent from Pennsylvania to Florida, Texas, Oklahoma, Colorado, Utah, and Virginia among other states, on the pretext that Pennsylvania does not have beds for them, or lacks proper treatment regimens to accommodate them. These drug companies are incestuously involved politically through massive campaign contributions to politicians including the current administration of George W. Bush are pursuing policies to extend their unlawful influence and control over the medical treatment of other innocent persons throughout the nation so that they can continue profiteering on the vulnerable situation of these populations.

9. The defendants Columbus Organization, and Mooney and O'Connor, their agents, were, and are, used by the State of Pennsylvania to do medical reviews on reimbursement denials where medical providers seek payment for purported compensable services rendered to government beneficiaries. These defendants concurred and participated in the dismissal of the plaintiff knowing he was an exceptionally effective and honest public servant whose character and integrity could not be questioned. By doing so, these defendants were conspirators with the government defendants knowing

that Dr. Stefan Kruszewski would suffer retaliation should he demonstrate, during his job performance, sufficient evidence to include bringing the abuses of the private defendants to the attention of the government defendants.

## RIGHT VIOLATED

10. Dr. Kruszewski has a First Amendment right to speak out on matters of public concern without fear or threats or intimidation sufficient to deter a person of reasonable sensibilities from expressing themselves. The plaintiff alleges that the defendants violated that right.

11. Dr. Kruszewski has a right to be free of conspiracies between government actors and private parties(the drug company defendants) who act, or agree, overtly or tacitly, to deprive public employees of their First Amendment right to speak out on matters of public concern, or who, as here, create a climate of intimidation induced by political contributions and unlawful emoluments provided to government decision makers and enforced by ethically compromised government officials like the individual defendants here who obediently acted in predictable tacit fashion to silence those, like plaintiff, who speak out on public corruption.

12. The plaintiff has rights under Pennsylvania law to be free of a wrongful discharge and he has a right not to be the victim of an unlawful

fraud designed to profiteer at taxpayer expense and be free of violations of his contract rights and of his prospective contract rights.

13. The plaintiff has a right under Pennsylvania law to be free of the intentional infliction of emotional distress.

14. The plaintiff has a right under Pennsylvania law to be free of assault.

15. The plaintiff has a right under Pennsylvania law to be free of civil conspiracy.

16. The plaintiff has a right under Pennsylvania law to be free of false- light invasion of privacy and misrepresentation.

## **OPERATIVE FACTS**

13. The defendants in this matter worked and acted together over a period of years to control data, generate policies, and manipulate medical and financial decisions in an unlawful pattern of conduct which culminated in, and caused, Dr. Kruszewski to be dismissed as a public employee because he identified, disclosed, and complained about the abuses of the public trust and the abuses of innocent wards of the state by these private defendants and the public employees in league with them, i.e. his superiors including the Columbus group.

14. Plaintiff alleges that the drug company defendants (numerous other companies participated in this unlawful process) engaged in a pattern of misconduct which indicates clearly that they expected to enjoy, and did enjoy, protection from investigation, prosecution, and disclosure of their unlawful activities by virtue of their intimate and pervasive financial and other support of political leaders and their minions, in top positions in the state and national government.

15. Plaintiff further alleges that the government defendants acted out of loyalty and unlawful fealty to the drug company defendants when retaliating against him as expected by those companies; that they were advised of the unlawful abuse of the public trust by these company's where they distorted the capabilities of their drugs, being motivated by the desire to profiteer in cruel reckless and total disregard of the health of innocent victims who had been incarcerated and/or placed otherwise under the state's control; that the defendants acted together in cruel and heartless disregard of the injurious effects that these drugs have when administered to unknowing, innocent, helpless captives of state power in Pennsylvania and other states for treatments unsupported by clinical studies or any viable evidence to support their recommended use.

16. Dr. Kruszewski also criticized the lack of qualifications and suggested the incompetence of certain private contractors and doctors who the government defendants sought to protect even though it was pointed out to them that, in one case, the individual was not doing medical reviews in his field of study and practice, and further, that he had an inactive retired license.

17. Dr. Kruszewski also realized, while performing his duties, and while updating himself on current developments in his field, that the aforementioned misconduct of the drug companies had taken on epic proportions.

18. The defendants Pfizer Inc., Johnson &Johnson, Novartis, AstraZeneca,  Eli Lilly & Company, and Glaxo SmithKline Inc., are corporations engaged in the business of researching, manufacturing, and selling pharmaceutical drugs.

19. The defendants Richman, Gorton, and Kozak are government employees who supervised and or otherwise directed plaintiff's activities as an employee performing government services.

20. Plaintiff brought the aforementioned matters about unlawful drug company practices, unlawful and/or improper review and reimbursement processes to medical providers, to the attention of his immediate supervisors

Sally Kozak, Christopher Gorton, and Estelle Richman. Upon information and belief these disclosures to his supervisors (of misconduct by drug companies, state contractors, and doctors performing state services) resulted in his being verbally and physically assaulted and summarily dismissed in an effort to intimidate him and deter him from speaking out further.

21. In fact, in violation of, and in defiance of Dr. Kruszewski's rights and duties as a medical-psychiatric reviewer, some of the improper reimbursement of medical services previously denied by Kruszewski and others were reinstated.

22. Plaintiff alleges that the wrongful practices by the drug company defendants proximately caused direct and foreseeable injury to him as a result of their influence peddling with political leaders at the highest levels of the state and national governments, all of which was also reflected in the drug company practice of providing unethical and illegal emoluments to those like Dr. Gorton who participated in pseudoscientific activities and unethical practices to promote certain drugs to public users like his employer, Pennsylvania, for those companies, seeking in turn to profit them.

23. The corrupt practices of the drug company defendants (and other drug companies as well) including unlawful and improper practices by

doctors, government entities, and others they advised, include, but are not limited to, the following:

a. "Off-label" use of medications.

b. Misuse of medications on innocent human beings.

c. Over medication of adults and children.

d. Deaths of children under the care of the Pennsylvania Office of Medical Assistance and BPI.

e. Fraudulent billing of the Commonwealth of Pennsylvania Medicaid systems and fraudulent billing of the US government for medications and in-hospital and other clinical care.

f. Mistreatment of children resulting in deaths in Pennsylvania, Texas, and Oklahoma.

g. Failure to prevent the illegal use of the Pennsylvania involuntary commitment law.

h. Mistreatment of Hispanic citizens by not providing translation services and employing illegal in-hospital detention through misuse of Pennsylvania's involuntary commitment law.

i. The improper adoption of drug company sponsored TMAP algorithms in DPW, state correctional systems, and the intentional dissemination of misinformation through physician handbooks, etc.

j. An unethical and unlawful custom, practice, and usage of avoiding the investigation of, and remedying of, injurious conditions suffered by children and others in custodial state care, to avoid disclosure of unlawful drug company activities.

k. Maintaining children in Pennsylvania Medicaid sponsored facilities despite being aware that these children were no longer in need of restricted placement.

l. Allowing unlawful treatment regimens to continue for captive dependent persons despite being made aware of pervasive abuses (including specific medication abuses) which were contrary to Pennsylvania (DPW) and federal laws and regulations.

24. Upon information and belief, the pattern and practices of corruption and distortion of information engaged in by the drug company defendants named above, and those like them, with the intentional complicity of Pennsylvania and federal officials, including the individual defendants and their superiors, who provided freedom from public disclosure, investigation, and reporting of improper misconduct, directly resulted in adverse employment actions and intimidating mistreatment of persons like the plaintiff and others in an unlawful effort to prevent them from speaking out on matters of public concern.

25. In one instance an investigator in the Pennsylvania Inspector General's Office was told by one of his supervisors, " don't be a salmon on this drug investigation thing"… "those people (meaning the drug companies) give to both sides of the aisle"… "don't swim against the current".  That investigator's reward for speaking out was to suffer a termination. Like that investigator, the plaintiff was told to stop, "digging up dirt" because he was simply doing what the law, his duty, and his contract, as a public employee required him to do, which was to report fraud and abuse.  The plaintiff's reward for doing his duty as a responsible and honest public employee was to be assaulted and to also suffer a humiliating and degrading termination for speaking out on matters of grave and profound public concern-among which was the welfare of innocent children who were being mistreated so that the drug company defendants could make money and in turn provide campaign contributions for political leaders.

## **DAMAGES**

26.  At the time plaintiff was unlawfully terminated by defendants he had a rightful expectation to five years of renumeration for providing services totaling in excess of $1 million in principal amount plus interest lost.

27. At the time plaintiff was unlawfully terminated by defendants he had received outstanding praise and recognition for his exceptional performance as an exemplary public employee.

## COUNT I

### Plaintiff against All Defendants for the Deprivation of, and for Conspiring to Deprive Him of, His First Amendment Right to Speak out on Matters of Public Concern Free of Retaliation

28.  Paragraphs 1 through 27 above are incorporated herein by reference.

29 .  The drug company defendants unlawfully acted in a foreseeable and predictable manner to carry out an intentional plan whereby the use of political contributions and unlawful emoluments and benefits were paid to political leaders and their minions with the expectation that they would control, through intimidation and termination, those, like plaintiff, who might speak out on the public corruption that these defendants knew was taking place at their behest, as aforementioned.

30. Consequently, plaintiff alleges that the drug company defendants misconduct was a direct and proximate cause of the retaliation which was taken against him by the non-drug company defendants who, in concert with

them, and in support of their unlawful activities, harmed the plaintiff in the defendants efforts to serve their collective illegal ends.

**Wherefore**, the plaintiff demands judgment of the aforementioned defendants jointly and severally for the deprivation of his federally guaranteed rights under the First Amendment to be free of retaliation for speaking out on matters of public concern and to be free of conspiracies to deprive him that right together with special damages in an amount in excess of $1,000,000.00 to be determined at trial, for wages and contract rights lost, and for pain and suffering, humiliation, embarrassment, and emotional distress, together with fees, costs, attorney's fees, and such other relief as the court may deem appropriate.

## COUNT II

### Plaintiff against All Defendants for Fraud and

### Tortious Interference with Contract

### As Supplemental State Claims

31. Paragraphs 1 through 30 above are incorporated herein by reference.

32. The defendants misconduct as described above constituted a fraud of which the plaintiff was a victim.  Although not misled, the intent and purpose of the defendants was to mislead the plaintiff and those like him.

When plaintiff discovered what the defendants had done, i.e. that they had intentionally misled him and others, he complained about them and reported them. He was subsequently victimized by the defendants through suffering an unlawful discharge.

33. The misconduct of the defendants, as aforesaid, unlawfully improperly and irresponsibly caused the dismissal of the plaintiff from his position of providing services to the state. Plaintiff was performing far above expectations and had every right to expect five years of employment at $15,000 per month consistent with the contract under which the Columbus defendants were working. The defendants unlawfully interfered with the plaintiff's rights to contract.

**Wherefore** plaintiff demands judgment of the defendants jointly and severally for fraud (tort) and for tortious interference with contract, as supplemental state claims, including special damages in excess of $1 million, for pain and suffering, humiliation and embarrassment, emotional distress, costs, fees, attorney's fees and such other relief as the court may deem appropriate.

## COUNT III

### Plaintiff against the Defendant Gorton for Assault, and Against the Defendants Richman, Gorton, and Kozak for the Intentional Infliction of Mental Distress and for False Light Misrepresentation and Defamation.

34. Paragraphs 1 through 33 above are incorporated herein by reference.

35. On or about July 11, 2003 the defendant Gorton physically assaulted the plaintiff laying hands on him, physically threatened him, and attempted to physically take documents from him, and then, along with the defendants Kozak and Richman caused the plaintiff's personal belongings and desk items to be physically placed on the sidewalk in front of his office as a way to cause Dr. Kruszewski extreme humiliation and embarrassment seeking to hold him up to ridicule in the eyes of his colleagues and coworkers and intending to falsely represent the plaintiff's skills and abilities in the eyes of his colleagues and the public, and to defame him and to further intentionally cause him emotional injury and harm.

36. The misconduct of the defendant Gorton violated plaintiff's rights under Pennsylvania law to be free of assault.

37. The misconduct of the defendants Richman, Kozak, and Gorton violated plaintiff's rights under Pennsylvania law to be free of the intentional infliction of mental distress, false light misrepresentation and defamation.

**Wherefore** plaintiff demands judgment of the defendant Gorton for assault and of the defendants Gorton, Richman, and Kozak jointly and severally for false light misrepresentation, invasion of privacy, and the intentional infliction of mental distress, for pain and suffering, humiliation and embarrassment, emotional distress, fees, costs, attorney's fees, and for such other relief as the court may deem appropriate.

## COUNT IV

### Plaintiff against All Defendants for Civil Conspiracy

38. Paragraphs 1 through 37 above are incorporated herein by reference.

39. The defendants unlawfully agreed together for the unlawful purpose of causing injury and harm to persons like the plaintiff who disclosed or complained about the defendant's unlawful activities.

**Wherefore** the plaintiff demands judgment of the defendants Gorton, Richman, and Kozak jointly and severally for the violation of his rights under Pennsylvania law to be free of civil conspiracies, for pain and suffering, for humiliation and embarrassment, for emotional distress and for

fees, costs, attorney's fees, and such other relief as the court may deem appropriate.

Respectfully Submitted,

By:                    <u>S/Don Bailey, Esquire</u>
                                      Don A. Bailey, Esquire
                                      Bailey, Stretton & Ostrowski
                                      4311 N. 6th Street
                                      Harrisburg, PA 17110
                                      717.221.9500
                                      Fax: 717.221.9600