**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEFAN P. KRUSZEWSKI,** | : | |
| | : | |
| **Plaintiff.** | : | |
| | : | **CIVIL ACTION NO. 1:04-CV-1420** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **CHRISTOPHER P. GORTON, <u>et al.</u>,** | : | |
| | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

Before the Court is Defendants Christopher Gorton's and Sally Kozak's joint Motion for

Summary Judgment.  (Doc. No. 207.)  Defendants have filed a Statement of Undisputed Material

Facts (Doc. No. 208) and Plaintiff has filed a Response to Defendants' Statement of Undisputed

Fact.  (Doc. No. 216.)  Both parties have filed briefs.  (Doc. No. 209, Doc. No. 217.)  Defendants

have also filed a Reply Brief.  (Doc. No. 220.)  The motion is ripe for disposition.[1]

**I.    BACKGROUND**

Plaintiff is a medical doctor and is currently licensed to practice medicine in Pennsylvania.

He was employed by Columbus Medical Services to provide services to the Pennsylvania

Department of Public Welfare ("DPW").  (Doc. No. 186 ¶ 6.)  Plaintiff's job required him to

perform medical reviews of treatment facilities to determine whether DPW should reimburse the

---

[1]  In Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary
Judgment, Plaintiff requests that the Court strike the Declaration of Demielo Luckette.  (Doc.
No. 217, at 7.)  Demielo Luckette is the current Chief Operating Officer for the Pennsylvania
Department of Public Welfare's Office of Medical Assistance Program.  (Doc. No. 208, Ex. D ¶
1.)  In his declaration, Luckette sets forth the organizational structure of the Office of Medical
Assistance Programs and the job responsibilities of Plaintiff, Defendant Gorton, and Defendant
Kozak.  Because Plaintiff has not moved to strike the declaration, this issue is not properly
before the Court.  Furthermore, the Court need not decide the dispute over the Luckette
Deposition in order to resolve Defendants' Motion for Summary Judgment.  Accordingly, the
Court expresses no further opinion regarding the Luckette Declaration in this memorandum.

treatment facility for various services the facilities provided.  (Doc. No. 208 ¶ 17; Doc. No. 216, at 3-4.)  As discussed below, the parties disagree regarding the full scope of Plaintiff's official job duties with DPW.

Defendant Christopher Gorton is a medical doctor and at all times relevant to this suit was the Chief Medical Officer for DPW.  (Doc. No. 208 ¶ 8.)  Defendant Sally Kozak was the Director of Clinical Operations at DPW, responsible for managing clinical-consultant contracts.  (Id. ¶¶ 10-11.)  Kozak did not manage the consultants on a day-to-day basis.  Instead, she managed the contracts to ensure that consultants were working the correct number of hours and that they were compensated appropriately for the time they worked.  (Id. ¶ 21.)  During the time relevant to this suit, Gorton was Kozak's supervisor.  (Id. ¶ 9.)

On July 11, 2003, Gorton effectively terminated Plaintiff's employment by contacting Columbus Medical Services and informing the company that Plaintiff was banned from all DPW worksites.  (Doc. No. 208, Ex. C.)  Defendants assert that Plaintiff was terminated as a result of verbally- abusive and physically-intimidating behavior that he exhibited during a meeting with Kozak.  (Doc. No. 208 ¶ 29.)  Plaintiff contends that he was actually fired for making statements on matters of public concern that are protected under the First Amendment.  (Doc. No. 186 ¶¶ 10-14.)  The statements in question can be categorized as: (1) reports regarding poor quality of care, including abuse of patients by staff at treatment facilities; (2) complaints about the lack of qualifications of another private contract doctor; and (3) statements about use and costs of medications.  (Id.)

Plaintiff brought this suit under 42 U.S.C. § 1983, alleging that the statements he made were protected activity under the First Amendment and that he was fired in retaliation for having made

the statements.[2]  (Doc. No. 186 ¶¶ 16-19.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986).  When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record."  Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). Summary judgment should be granted where a party "fails to make

---

[2]  The procedural background of this action is considerably more convoluted than this brief summary suggests.  Through his former counsel, Plaintiff initially brought suit against not only Defendants Kozak and Gorton, but against a numerous pharmaceutical companies, various individual defendants, and the Columbus Group, LLC, the party with which Plaintiff was contracted to provide services to DPW.  Plaintiff's initial complaint alleged that these parties were engaged in a vast conspiracy to violate his constitutional rights.  After all Defendants moved to dismiss the complaint on various grounds, Plaintiff filed an amended complaint that was substantially similar to the initial complaint.  (Doc. No. 107.)  Thereafter, Defendants renewed their motions to dismiss.  While these motions were pending, Plaintiff discharged his former counsel and retained attorneys Thad Guyer and Stephanie Ayers of The Government Accountability Project.  (Doc. Nos. 156, 161.)  Plaintiff's new counsel proceeded to dismiss all individual defendants with the exception of Gorton and Kozak, and all private defendants with the exception of the Columbus Group.  Thereafter, Plaintiff's new counsel filed an amended complaint and withdrew Plaintiff's previous opposition to arbitrating his claims against the Columbus Group, in accordance with the terms of Plaintiff's employment contract mandating that all claims relating to his employment be subject to an agreed-upon arbitration procedure.  In sum, this process – which Plaintiff's new counsel helped to reorder promptly after taking over Plaintiff's representation in this action –  took more than one and one-half years to resolve itself and resulted in Plaintiff maintaining suit in this Court against two DPW employees, both of whom are alleged to have terminated Plaintiff for certain statements he made regarding matters alleged to have been of public concern, which Plaintiff contends was retaliation for his engaging in activity protected under the First Amendment.

a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Id. at 322.

## III.   DISCUSSION

The test for evaluating a public employee's claim of retaliation for engaging in activity protected by the First Amendment is well established.  First, a plaintiff must establish that she engaged in activity protected by the First Amendment.  Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005).  Second, the plaintiff must establish that the protected activity was a substantial and motivating factor in the retaliatory action.  Id.  If the plaintiff satisfies the first two prongs, an employer can still prevail if it can establish that it would have taken the same adverse action in the absence of the protected conduct.  Id.

Defendants assert that Plaintiff's conduct was not protected, and even if it was protected it was not a substantial motivating factor in Gorton's decision to terminate Plaintiff.  Defendants also argue that Kozak did not engage in any retaliatory conduct.

### A.   Sally Kozak

Defendants argue that Kozak did not commit a retaliatory act against Plaintiff and assert that Kozak did not make the decision to terminate Plaintiff.  (Doc. No. 209, at 18.)  Instead, Defendants assert that Kozak's only action was to tell Gorton that Plaintiff had verbally abused her and was physically threatening.[3]  (Id.)

In applying the test set forth above, the key question in determining whether a plaintiff has stated a cognizable First Amendment claim for retaliation is whether "the alleged retaliatory conduct

---

[3]  Plaintiff ignores this argument in his Brief in Opposition to Summary Judgment and the Court finds, accordingly, that Plaintiff has conceded the issue.

was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights . . . .” Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000) (internal quotation marks omitted).  In answering this question, the effect of the alleged conduct on the employee's freedom of speech “‘need not be great in order to be actionable,’” but it must be more than de minimis.  Id. (quoting Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982) (Posner, J.)); see also Brennan v. Norton, 350 F.3d 399, 422 n.17 (3d Cir. 2003) (noting that “incidents of what might otherwise be trivial ‘harassment’” may be actionable through their “cumulative impact . . . even though the actions would be de minimis if considered in isolation”).   Determining whether a plaintiff's First Amendment rights were adversely affected is thus a “fact intensive inquiry focusing on the status of the speaker, the relationship between the speaker and the retaliator, and the nature of the retaliatory acts.” Id. at 419 (internal quotation omitted).  The Third Circuit has generally found that termination, failure to rehire or promote, or decisions regarding transfers are all actions which could adversely affect an employee’s exercise of his First Amendment rights.  Id.  However, isolated criticisms, false accusations, and verbal reprimands will typically not be found to adversely affect an employee’s First Amendment rights.  Id.

In the case at bar, Plaintiff has alleged only that Kozak advised Gorton that Plaintiff verbally abused and physically threatened her; Plaintiff has not alleged that Kozak herself took any action against Plaintiff.   Without more, the Court finds as a matter of law that Kozak’s statements to Gorton about Plaintiff’s conduct cannot be considered retaliatory action.  Accordingly, summary judgment will be entered in favor of Kozak.

## B.    Christopher Gorton

Defendants make two arguments in support of their motion for summary judgment.  First, Defendants assert that Plaintiff’s expressions are not protected speech.  Second, Defendants argue

5

that even if Plaintiff's expressions are protected, they were not a substantial and motivating factor in Gorton's decision to terminate Plaintiff's employment.

### 1.      Whether Plaintiff's Expressions Were Protected Speech

Defendant argues that because Plaintiff's expressions were made pursuant to his official employment duties, Plaintiff's expressions are not protected speech.  Plaintiff disputes this argument and asserts that his expressions were not made pursuant to his official employment duties.

The Third Circuit recently laid out the test for whether speech is protected in <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 241-42 (3d Cir. 2006):

> A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee different from any other member of the general public as a result of the statement he made.

<u>Id.</u> (quotations and citations omitted).  Because Defendants contest only whether Plaintiff's statements were made as a citizen and were not made in the context of his official duties, the Court will address only this issue.

When public employees speak as private citizens on matters of public concern, their speech is protected.  <u>Garcetti v. Ceballos</u>, __ U.S. __, 126 S. Ct. 1951, 1959 (2006).  However, when public employees make statements pursuant to their official duties, their speech is not protected and they are not insulated from discipline by their employer.  <u>Id.</u> at 1960.  <u>Garcetti</u> did not provide a comprehensive framework for determining the scope of an employee's official duties.  <u>Id.</u> Nevertheless, the Supreme Court did provide some guidance on the issue by stating that the listing of a task in the employee's job description was neither "necessary nor sufficient" to prove that the task was within the employee's official duties.  <u>Id.</u> at 1961-62.  The Court instead suggested that the

proper inquiry must determine what "duties an employee is actually expected to perform." <u>Id.</u> at 1962. Although the question of whether speech is protected is a question of law, <u>Hill v. City of Scranton</u>, 411 F.3d 118, 127 (3d Cir. 2005), this Court finds that the question of what duties an employee is actually expected to perform to be distinctly factual.[4]  Accordingly, the Court will only grant summary judgment in favor of Defendants if Plaintiff has failed to point to sufficient evidence to raise a genuine dispute as to whether his expressions were within the scope of his job duties.

There are two key factual disputes that prevent the Court from finding that Plaintiff was acting within the scope of his official job duties.  First, there is a genuine dispute as to whether Plaintiff's reviews of treatment facilities were confined to reimbursement issues or whether Plaintiff was also responsible for ensuring compliance with DPW regulations.  (Doc. No. 216, at 3-7.) Second, there is a genuine dispute as to whether Plaintiff was required to report on quality of care. (Doc. No. 216, at 7.)

There is evidence in the record to support Plaintiff's version of the disputed facts.  Dr. Gorton noted that Plaintiff's email regarding Neurontin "did not appear to be job-related." (Doc. 208, Ex. L.) Furthermore, in an email to Kozak, Gorton writes, "the possible relationship of [Paxil's use for treating depression] to medical review escapes me." (Doc. No. 208, Ex. N.)  Gorton also

---

[4]  A number of courts that have addressed the issue since <u>Garcetti</u> have come to the same conclusion.  <u>See</u> <u>Skrutski v. Marut</u>, 2006 U.S. Dist. LEXIS 66024, at *27 (M.D. Pa. Sept. 15, 2006); <u>Barclay v. Michalsky</u>, 2006 U.S. Dist. LEXIS 65076, at *21 (D. Conn. Sept. 13, 2006); <u>Batt v. City of Oakland</u>, 2006 U.S. Dist. LEXIS 47889, at *11-12 (N.D. Ca. July 13, 2006); <u>Kodrea v. City of Kokomo</u>, 2006 U.S. Dist. LEXIS 42327, at *25-26 (S.D. Ind. June 22, 2006). Furthermore, treating the issue of actual job responsibilities as a question of fact is consistent with this Court's prior ruling in <u>Day v. Borough of Carlisle</u>, 2006 U.S. Dist. LEXIS 46434 (M.D. Pa. July 10, 2006).  In <u>Day</u>, the dispute was whether a police officer was "duty-bound to report or investigate infractions by those persons who were the subject of [the police officer's] statements." <u>Id.</u> at *18.  The Court stated that the factual background did not support a finding that the officer was acting within the scope of his duties. <u>Id.</u>  Thus, this Court treated the "scope of his duties" as a question of fact.

writes  that he didn't "recall seeing this type of activity in [Plaintiff's] work statement."  (Id.)
Additionally, in Plaintiff's deposition, Plaintiff repeatedly asserts that he was told that the subjects
of his statements were not part of his job.  (Doc. No. 208, Ex. A at 106, 168.)

2.    **Whether Plaintiff's Expressions Were a Substantial and Motivating Factor**

Even if Plaintiff's statements were protected activity, Defendants are entitled to summary
judgment if the protected activity was not a substantial and motivating factor in the retaliatory
actions.  Phyllis Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005).  The question of whether
protected activity is a substantial and motivating factor is a question of fact.  Curinga v. City of
Clairton, 357 F.3d 305, 310 (3d Cir. 2004).  Therefore, the Court will grant summary judgment only
if there is no dispute of fact as to whether the protected activity was a substantial and motivating
factor in Gorton's decision to terminate Plaintiff's employment.

Defendants argue that Plaintiff's statements could not have been a factor in Gorton's decision
to terminate Plaintiff because Gorton was unaware of Plaintiff's statements until after Gorton
decided to terminate Plaintiff's employment.  (Doc. No. 209, at 17.)  Plaintiff contests this and
claims that Gorton was aware of Plaintiff's statements prior to terminating his employment.  (Doc.
No. 216, at 4.)

There is some evidence in the record to support Plaintiff's claims.  In Dr. Gorton's file note,
Gorton writes that "earlier in the week" Gorton received forwarded copies of two emails sent by
Plaintiff.  (Doc. No. 208, Ex. L, M.)  These emails appear to contain some of the statements which
Plaintiff alleges are the protected activities for which he was terminated.  Dr. Gorton also wrote that
after Kozak had called Gorton and put him on speaker phone, Plaintiff stated that he did not
understand what was perceived to have been the problem with the email he sent.  According to

Plaintiff, Dr. Gorton told him that the emails in question were the purpose of the conversation that Kozak and Plaintiff were having.  (Id.)  This evidence, if credited by a fact-finder, would support Plaintiff's claim that Gorton knew of at least some of Plaintiff's protected statements.

Because there remain genuine disputes of material fact regarding Plaintiff's job duties and whether Plaintiff's statements were substantial and motivating factors in his termination, the Court cannot grant summary judgment for Defendant Gorton.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEFAN P. KRUSZEWSKI,** | : | |
| | : | |
| **Plaintiff.** | : | |
| | : | **CIVIL ACTION NO. 1:04-CV-1420** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **CHRISTOPHER P. GORTON, <u>et al.</u>,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**ORDER**</u>

**AND NOW** this 2nd day of March 2007, upon consideration of Defendants' Motion for Summary Judgment and the parties' briefs in support and opposition, **IT IS HEREBY ORDERED THAT** Defendants' motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' Motion is **GRANTED** as it relates to Sally Kozak.

2. Defendants' Motion is **DENIED** regarding Plaintiff's claims against Christopher Gorton.

3. The Clerk shall refrain from entering judgment in favor of Defendant Kozak until the conclusion of this action.

<u>S/ Yvette Kane</u>
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania